# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANRIQUEZ II, et al., | CASE NO. CV-F-04-5422 OWW LJO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS ON MINORS' COMPROMISE** |
| vs. | (Docs. 45, 46, 48.) |
| MAIL WELL, INC., et al, | |
| Defendants. | |

## INTRODUCTION

In this wrongful death and related action arising from a father's shooting death at his place of employment, petitioner Heidi Manriquez ("Ms. Manriquez")[1] seeks this Court's approval of a settlement for her minor sons Jose Manriquez III ("Jose"), age 7, and Josiah Manriquez ("Josiah"), age 1. Defendant Business Forms, Inc. dba Printxcel ("Printxcel"), seeks to compel Ms. Manriquez to sign and return a compromise and release to satisfy Workers' Compensation Appeals Board ("WCAB") approval of the settlement. This Court considered Ms. Manriquez' petition for minors' compromise approval and Printxcel's application regarding WCAB settlement approval on the record and without a hearing. For the reasons discussed below, this Court RECOMMENDS:

---

[1] Ms. Manriquez brings this action as personal representative of the estate of Jose Manriquez II ("Mr. Manriquez"), who died on December 9, 2003 after he was shot by a co-worker at his place of employment with Printxcel. Ms. Manriquez also pursues this action as guardian ad litem for Jose and Josiah but is not an individual plaintiff herself.

1

1. To ORDER Ms. Manriquez to forthwith obtain WCAB approval consistent with the settlement terms on the record and these findings and recommendations; and
2. To DENY without prejudice Ms. Manriquez' petition for minors' compromise approval.

## **FACTUAL AND PROCEDURAL BACKGROUND**

### **Settlement Terms**

On March 12, 2004, Ms. Manriquez filed this action to allege employment discrimination (hostile environment), premises liability and wrongful death causes of action against Printxcel on behalf of Jose, Josiah and Mr. Manriquez' estate. After highly contentious law and motion activity, the parties placed settlement terms on this Court's record on March 23, 2005. Pursuant to the terms placed on the record by its counsel, Printxcel agreed to "pay to plaintiffs and their attorneys" a confidential cash sum and to continue to pay a confidential amount of workers' compensation benefits for Jose and Josiah.[2]

The settlement terms on the record provide that "it's a condition of the settlement that the plaintiffs obtain approval of the compromise from the Workers' Compensation Appeals Board." The terms further provide that Ms. Manriquez "shall be bound by an appropriate confidentiality clause, and she will not make any statements to the press concerning the terms and conditions of the settlement, nor shall her counsel." The settlement terms on the record further note that this Court "shall have continuing jurisdiction to enforce the terms of that settlement agreement, and the parties will cooperate in the execution of appropriate closing documents as reflected by these terms."

After the parties and their counsel agreed to settlement terms on the record, this Court concluded:

> Then the Court does make a finding that this matter has been fully and finally settled based on the terms and conditions. They are – the settlement is contingent upon an approval as indicated of both the minors' compromises and also the approval of the compensation claim by the WCAB.

Ms. Manriquez has provided defense counsel a copy, but not an original, of a Settlement Agreement and Release of Claims ("settlement agreement") for this action and which she signed on April 27, 2005. As to WCAB approval, the settlement agreement merely states that if either this Court or the WCAB "declines to approve this compromise settlement, the parties will be restored to their

---

[2] Printxcel has paid workers' compensation benefits since shortly after Mr. Mariquez' death.

respective positions on March 23, 2005 before a settlement was reached." The settlement agreement further provides for dismissal "within 30 days or the date the settlement is approved by the District Court and Worker's Compensation Appeals Board."

### **Ms. Manriquez' Petition For Minors' Compromise Approval**

On May 13, 2005, Ms. Manriquez filed her ex parte application to permit her petition for minors' compromise approval and the declaration of her counsel Leonard Herr ("Mr. Herr") to be filed under seal and reviewed in camera in that "[t]hese two documents contain highly privileged, confidential information" and disclosure of the information would violate privileges and "probably breach the confidentiality clause of the Settlement Agreement, which the parties agreed to in open court." This Court's May 13, 2005 order granted Ms. Manriquez' ex parte application.

With her petition filed May 16, 2005 under seal, Ms. Manriquez explains the settlement comprises a confidential cash payment and confidential periodic workers' compensation payments to Ms. Manriquez for Jose and Josiah. The petition states a present value of periodic payments combined with cash payment.

The petition states that 25 percent attorney fees to counsel Dooley Herr & Peltzer exceed the cash payment. The petition notes Dooley Herr & Peltzer has advanced costs and seeks to assess half of the advanced costs to each minor. The petition further notes that Jose incurred expenses for grievance counseling to deduct from his settlement portion.

According to the petition, in the absence of sufficient upfront cash to pay the entire attorney fees, Dooley Herr & Peltzer proposes to waive a portion of attorney fees and to apply the entire cash settlement to reduced attorney fees, advanced costs and Jose's counseling fees and to allocate none of the cash settlement to Jose and Josiah.

In his declaration filed May 16, 2005 under seal, Mr. Herr claims his office devoted "well over 400 hours of time assisting my clients." Mr. Herr further addresses his acrimonious relationship with defense counsel and attributes defense counsel as making unsubstantiated accusations that Mr. Herr has cheated "my clients." According to Mr. Herr, Ms. Manriquez "felt periodic payments, through the workers' compensation system would be in the best interest of the children. It seems like the safest, secure, predictable form of payments that could be used for the children while they are growing up."

**Ms. Manriquez' WCAB Proceedings**

On May 13, 2005, Ms. Manriquez filed her Application for Adjudication of Claim (Death Case) ("application for adjudication") and related papers to initiate a WCAB proceeding to seek WCAB settlement approval. In response, Printxcel filed with WCAB its petition to dismiss Ms. Manriquez' declaration of readiness to proceed to a settlement conference on grounds Ms. Manriquez breaches settlement terms. In its petition, Printxcel states that Ms. Manriquez "seeks to involve the Workers' Compensation Appeals Board in her effort to renegotiate the settlement and seeks instead to obtain an Award within the continuing jurisdiction of the Workers' Compensation Appeals Board. . . . Until the parties conclude the settlement already reached in the United States District Court or until the jurisdiction issues are resolved at trial in that jurisdiction, the Workers' Compensation Appeals Board cannot be involved in the litigation."

**Printxcel's Motion To Compel WCAB Compromise And Release**

This Court issued its May 16, 2005 order to require defense counsel, no later than May 20, 2005, to file and serve his statement to explain:

1. Whether Printxcel objects to approval of settlement for Jose and Josiah and disbursement of legal fees and costs and if so, the grounds for such objections;
2. Whether Printxcel contends it is entitled to know of and to agree to disbursement of legal fees and costs as a condition of settlement and if so, the grounds to support such contention, including portions of this Court's record on which defendants rely; and
3. Whether Printxcet objects to this Court's approval of settlement for Jose and Josiah and disbursement of legal fees and costs as proposed by Ms. Manriquez and her counsel and with the understanding that this Court will ensure that such approval is consistent with settlement terms placed on the record.

On May 20, 2005, Printxcel filed its response to the May 16, 2005 order and its application to compel Ms. Manriquez to sign and return a compromise and release to obtain WCAB approval.[3] Printxcel claims Ms. Manriquez has "materially breached" the settlement terms by refusing to sign and

---

[3] Printxcel submitted a proposed compromise and release to Ms. Manriquez and claims she has refused to sign it.

return a compromise and release for WCAB approval as agreed and failing to obtain WCAB approval of the settlement. According to Printxcel, Ms. Manriquez' application for adjudication with stipulation for award and related documents seek to adjudicate before the WCAB "claims already released and settled." Printxcel contends that unlike a petition for compromise and release, which it advocates, the WCAB procedure pursued by Ms. Manriquez "is subject to the continuing jurisdiction of the WCAB to reopen, amend and/or modify" and exposes Printxcel to "risk of continuing litigation." Printxcel notes that it "did not agree to 'adjudicate' the workers' compensation claim." Printxcel concludes that it "stands ready to proceed with the settlement if plaintiffs comply with the material terms by signing and returning the Compromise and Release and obtain approval of the Compromise and Release from the WCAB."

As to concealing from Printxcel Dooley Herr & Peltzer's proposed attorney fees, Printxcel argues that "any order for legal fees should be verifiably fair and regular to avoid any attempt by plaintiffs to set aside the settlement on grounds of fraud or overreaching by their own counsel." Printxcel contends that the issue regarding attorney fees relates only the to WCAB proceedings. Printxcel requests an order to compel Ms. Manriquez: (1) to provide an original signed settlement agreement for this action and an original signed compromise and release for WCAB approval; and (2) to obtain WCAB approval prior to seeking this Court's minor's compromise approval.

With his May 23, 2005 declaration, Mr. Herr responded that Ms. Manriquez agrees to provide Printxcel a duplicate original settlement agreement but Printxcel has refused to provide a copy of the settlement agreement with its signature. According to Mr. Herr, the parties disagree on the procedure to obtain WCAB approval in that outside workers' compensation counsel has advised Ms. Manriquez that a stipulation and request for award to WCAB will provide Printxcel the protection its seeks. Mr. Herr notes that Ms. Manriquez filed her application for adjudication and related papers to open a WCAB action for WCAB assistance to resolve the parties' dispute on WCAB approval. Mr. Herr states:

> Unless defense counsel withdraws its Petition to Dismiss Applicant's Declaration of Readiness and allows the WCAB to set this matter for hearing so the terms of settlement can be recited to the court, approved and the parties ordered to execute either a Stipulation and Award or a Compromise and Release, the parties will never be allowed to resolve the workers' compensation aspect of this case. Plaintiff stands willing to abide by whatever settlement document the WCAB requires be executed to finalize this process.

5

1     Mr. Herr takes the position that since WCAB lacks jurisdiction over Ms. Manriquez, she may seek this Court's minors' compromise approval without WCAB approval. Mr. Herr notes that he and Ms. Manriquez agree to this Court "deciding all of the aspects regarding settlement."

### Ms. Manriquez' Redacted Minors' Compromise Petition

    On May 24, 2005, Ms. Manriquez served on Printxcel her minors' compromise petition with redaction of the confidential settlement amount, attorney fees and requested distribution. Ms. Manriquez also served Mr. Herr's May 16, 2005 declaration with such information redacted.

    Printxcel responded that "Mr. Herr has not directly answered whether he has taken fees out of the workers' compensation payments to the minors." Printxcel contends that "Mr. Herr's intention to 'execute whatever settlement document the WCAB should proscribe' violates the settlement and the parties' stipulation to submit any dispute to the United States District Court Magistrate Judge Lawrence J. O'Neill. Moreover, the WCAB does not have jurisdiction to enforce the terms of settlement announced in open Court on March 23, 2005." According to Printxcel, WCAB approval of a compromise and release should precede this Court's approval of the minors' compromise to preserve this Court's authority to enforce the settlement. Printxcel also raises the issue that Ms. Manriquez has failed to indicate that net settlement proceeds will be placed in a blocked trust account after deduction of attorney fees and costs.

    Printxcel argues that a "Compromise and Release on the form approved by the WCAB is the only recognized means of achieving the purposes of the settlement." Printxcel offers the declaration of Theodore A. Penny, a certified worker's compensation specialist, to explain:

> Litigation before the Workers Compensation Appeals Board may be finally settled only by Compromise and Release using the form mandated for that purpose by the Division of Workers' Compensation (DWC WCAB Form 15). Alternatively, the parties may enter into stipulations of fact, including agreement for an award of benefits. The Compromise and Release must be submitted to a Workers Compensation Judge for approval of its reasonableness, along with appropriateness of attorney fees. Stipulations of the parties, on the other hand, are submitted to a Workers Compensation Judge who issues an award encompassing the stipulated findings of fact and agreed upon benefits.
>
> There is a world of difference between an Order Approving Compromise and Release and an Award issued upon the stipulations of the parties. An Order Approving Compromise and Release memorializes that the parties reached a final conclusion in the litigation. It is not subject to reopening by the Workers Compensation Appeals Board, except upon a showing of fraud. A Workers Compensation Judge may not amend the terms of the Compromise and Release when issuing the Order Approving. The Workers

Compensation Judge only may approve the reasonableness of the Compromise and Release as protecting the interests of the injured worker or his or her dependents or may refuse to issue that Order and set the matter for trial on the question of adequacy of the settlement.

On the other hand, an award issued by a Workers Compensation Judge on stipulations of the parties has the same force and effect as has any award by that court of limited jurisdiction. The awards of the Workers Compensation Appeals Board are subject to amendment, including reopening, within five years from the date of the injury. . . . Neither the parties nor the Workers Compensation Judge have the power to limit or extend the jurisdiction of the Workers Compensation Appeals Board or to change the legislatively created power of the Board to amend or issue further orders upon awards within five years from the date of injury.

Thus, it is elementary that only a Compromise and Release provides the finality intended by the parties in reaching their settlement in the instant matter. Only the Compromise and Release embodies the full intention of the parties to permanently close the jurisdiction of the courts, including the Workers Compensation Appeals Board.

Finally, Printxcel argues the present value of the workers' compensation benefits is irrelevant in that the WCAB has exclusive province to determine the value of workers' compensation benefits and whether Dooley, Herr & Peltzer is entitled to fees regarding workers' compensation benefits "which were paid in spite of, not because of, Mr. Herr's professional services."

## DISCUSSION

### WCAB Approval

To support its contention that Ms. Manriquez' proposed procedure exposes Printxcel to continuing WCAB jurisdiction and potential award modification, Printxcel cites to California Labor Code section 5803, which provides in pertinent part:

The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division . . . . At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor.

Printxcel points to California Labor Code section 5002 to support its position that the settlement terms placed on the record contemplate a compromise and release. The statute provides:

A copy of the release or compromise agreement signed by both parties shall forthwith be filed with the appeals board. Upon filing with and approval by the appeals board, it may, without notice, of its own motion or on the application of either party, enter its award based upon the release or compromise agreement.

California Labor Code section 5001 requires WCAB approval of a compromise and release: "No release

7

of liability or compromise agreement is valid unless it is approved by the appeals board or referee." Thus, Printxcel argues that a compromise and release is a contract between the parties and WCAB "is obligated to either approve or disapprove the settlement without amending the terms."

The California Court of Appeal has explained the effect of a compromise and release:

> Unlike the ordinary contractual situation, a compromise and release agreement between an employee and an employer or compensation insurer in respect to workmen's compensation has no validity until it has been approved by the referee or appeals board (Lab. Code, § 5001). Upon approval the appeals board may on its own motion or on the motion of either party enter an award based thereon (Lab. Code, § 5002). An approved compromise and release has the same force and effect as an award made after a full hearing. . . . The order approving a compromise and release is thus, in legal effect, an award of compensation. While it may be amended or set aside for good cause (Lab. Code, §§ 5803–5804), it is effective for all purposes while outstanding.

*Raischell & Cottrel, Inc. v. Workmen's Compensation Appeals Bd.*, 249 Cal.App.2d 991, 997, 58 Cal.Rptr. 159, 163 (1967).

Based on the settlement terms on the record, WCAB approval is a "condition of settlement." In the absence of WCAB approval, completion of a key settlement term is missing to prevent this Court's settlement approval. As such, the question turns to the procedure to obtain WCAB approval.

Ms. Manriquez provides no legal authority for her proposed procedure via application for adjudication and stipulation and award. With the above authority, Printxcel strongly supports its proposed compromise and release procedure which offers finality as contemplated by the settlement terms on the record. Mr. Herr appears to concede to application of a compromise and release in that in his May 23, 2005 declaration, he notes the parties may be ordered to execute one. In the absence of WCAB approval, the minors' compromise is not in a position for this Court's approval.

**Proposed Disbursement Of Cash Settlement**

This Court's Local Rule 17-202 provides that "No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise."

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires *court approval* of the fairness and terms of the settlement." 3 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure*

*Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-45 (emphasis in original). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code, § 3601. A leading California practice guide observes:

> Courts vary in their fee approval policies. All will consider the time expended and the complexity of the case. But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]
>
> Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2002) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-14.

Putting aside WCAB approval, Ms. Manriquez' papers raise issues as to the reasonableness of the proposed settlement distribution. Dooley Herr and Peltzer intends to apply the entire cash settlement to attorney fees, costs and counseling fees. As such, nothing will remain from the cash settlement for Jose and Josiah, who will be limited to the continuing periodic workers' compensation benefits. As to those, Ms. Manriquez fails to indicate if Dooley Herr & Peltzer seeks or has been paid attorney fees from them. Moreover, there is no indication that the workers' compensation benefits are safeguarded for Jose and Josiah, such as placed in a blocked account, and/or used for their benefit. Dooley Herr & Peltzer offers no authority to base its fee request on the present value of the workers' compensation benefits which have been paid despite this litigation. This Court questions the propriety of Ms. Manriquez' attempt to seek minors' compromise approval without sharing distribution information with Printxcel. The outstanding WCAB approval and seeming unreasonableness of distribution of the cash settlement, particularly fees, prevent approval of Ms. Manriquez' petition for minors' compromise approval.

## **CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS to:

1. ORDER Ms. Manriquez to forthwith obtain WCAB approval consistent with the settlement terms on the record and these findings and recommendations; and

2. DENY without prejudice Ms. Manriquez' petition for minors' compromise approval.

9

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304. No later than June 24, 2005, any party may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than July 1, 2005 and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be served on the magistrate judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  June 9, 2005**          /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE