IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANRIQUEZ II, et al., | CASE NO. CV-F-04-5422 LJO |
| Plaintiffs, | **ORDER ON PETITION FOR MINORS' COMPROMISE APPROVAL** |
| vs. | (Doc. 71.) |
| MAIL WELL, INC., et al., | |
| Defendants. | |

## **INTRODUCTION**

In this wrongful death and related action arising from a father's shooting death at his place of employment, petitioner Heidi Manriquez ("Ms. Manriquez")[1] again seeks this Court's approval of a settlement for her minor sons Jose Manriquez III ("Jose"), age 8, and Josiah Manriquez ("Josiah"), soon to be age 2. Printxcel filed no opposition to Ms. Manriquez' second petition for minors' compromise approval but its counsel filed his "declaration as an officer of the court and not in [his] capacity as attorney for Printxcel" to castigate Ms. Manriquez' proposed settlement distribution and the efforts of her counsel. This Court considered Ms. Manriquez' second petition for minors' compromise approval on the record and without the November 10, 2005 hearing or oral argument, pursuant to this Court's

---

[1] Ms. Manriquez brings this action as personal representative of the estate of Jose Manriquez II ("Mr. Manriquez"), who died on December 9, 2003 after he was shot by a co-worker at his place of employment with defendant Poser Business Forms, Inc., dba Printxcel ("Printxcel"). Ms. Manriquez was not married to Mr. Manriquez and pursues this action as guardian ad litem for Jose and Josiah. Ms. Manriquez is not an individual plaintiff.

1

Local Rule 78-230(c) and (h) and Ms. Manriquez' request. For the reasons discussed below, this Court GRANTS Ms. Manriquez' second petition for minors' compromise approval.

## BACKGROUND

### Contingency Fee Agreement

Ms. Manriquez retained the law firm Dooley & Herr (now Dooley, Herr & Peltzer LLP ("DHP")) to pursue claims for Jose and Josiah and arising from Mr. Manriquez' death. Ms. Manriquez signed nearly identical December 11, 2003 contingency fee agreements for Jose and Josiah and which provide in pertinent part:

> Bearing in mind that the contingency fee is negotiable, Client agrees that the following fee arrangement is fair and reasonable, and to pay Attorneys twenty-five percent (25%) of any money recovered.
>
> (a) *Costs and expenses as affecting contingency fee*: Costs and expenses paid in connection with Client's claim shall be reimbursed after the contingency fee is computed. (For example, if the claim is settled for $1,000, and $100 has been expended for litigation costs, the contingency fee shall be based on the $1,000 and the costs shall be reimbursed from the Client's share.) Client's share of the recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.
>
> (b) *Form of recovery as affecting contingency fee*: If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the *present cash value* of the recovery as determined by generally recognized accounting and appraisal standards. (For example, if the recovery consists of $1,000 payable at $100/year over 10 years, its present value may be approximately $380, depending on prevalent interest rates.) The contingency fee shall be paid out of the *first funds or property received* by the Client. (Italics in original.)

With its December 12, 2003 order, the Tulare County Superior Court appointed Ms. Manriquez as Jose and Josiah's guardian ad litem and approved Ms. Manriquez' contract with DHP "providing for attorneys fees and reimbursement of costs advanced from any recovery."

### Settlement Terms

On March 12, 2004, Ms. Manriquez filed this action to allege employment discrimination (hostile environment), premises liability and wrongful death causes of action against Printxcel on behalf of Jose, Josiah and Mr. Manriquez' estate and to recover damages for loss of Mr. Manriquez' support, household services, love, companionship, etc. After highly contentious litigation, the parties placed settlement terms on this Court's record on March 23, 2005. Printxcel agreed to "pay to plaintiffs and their

2

attorneys" a $75,000 lump sum and workers' compensation benefits to Ms. Manriquez for Jose and Josiah of $520.99 per week for 307.12 weeks or until $160,000 is paid, whichever occurs first, and thereafter $520.99 per week until the younger surviving child reaches age 18 or the death of the second surviving child, whichever occurs first.[2]

The parties agreed that "it's a condition of the settlement that the plaintiffs obtain approval of the compromise from the Workers' Compensation Appeals Board ["WCAB"]." The settlement terms further note that this Court "shall have continuing jurisdiction to enforce the terms of that settlement agreement, and the parties will cooperate in the execution of appropriate closing documents as reflected by these terms."

After the parties and their counsel placed settlement terms on the record on March 23, 2005, this Court concluded:

> Then the Court does make a finding that this matter has been fully and finally settled based on the terms and conditions. They are – the settlement is contingent upon an approval as indicated of both the minors' compromises and also the approval of the compensation claim by the WCAB.

**Ms. Manriquez' Original Petition For Minors' Compromise Approval**

On May 13, 2005, Ms. Manriquez filed her ex parte application to permit her original petition for minors' compromise approval and the declaration of her lead counsel Leonard Herr ("Mr. Herr") to be filed under seal and reviewed in camera in that "[t]hese two documents contain highly privileged, confidential information" and disclosure of the information would violate privileges and "probably breach the confidentiality clause of the Settlement Agreement, which the parties agreed to in open court." This Court's May 13, 2005 order granted Ms. Manriquez' ex parte application.

On May 16, 2005, Ms. Manriquez filed under seal her original petition for minors' compromise approval to explain the settlement terms and to advance DHP's request for the entire $75,000 lump cash payment for its attorney fees and to reimburse costs. Ms. Manriquez had not obtained WCAB approval of the settlement in that the parties disputed over the procedure to obtain WCAB approval. On May 24, 2005, Ms. Manriquez served on Printxcel her original minors' compromise petition with redaction of

---

[2] Printxcel has paid workers' compensation benefits since March 2004.

attorney fees and requested distribution of the $75,000 lump sum payment. Printxcel responded with its papers to argue its proposal to seek WCAB settlement approval and to ensure a final settlement not subject to WCAB reopening.

This Court issued June 9, 2005 findings and recommendations to determine that without WCAB approval, this Court could not approve the minors' compromise and to note that "Ms. Manriquez' papers raise issues as to the reasonableness of the proposed settlement distribution." This Court recommended to order Ms. Manriquez to forthwith obtain WCAB approval consistent with the settlement terms and to deny without prejudice her original petition for minors' compromise. With his August 25, 2005 order, the district judge adopted the findings and recommendations and remanded the case to this Court "for further proceedings to effectuate a final settlement and resolution of the case in accordance with the parties' agreement."

This Court's August 29, 2005 order set a September 25, 2005 further settlement/status conference to address remaining unresolved issues. The parties submitted September 19, 2005 status reports to indicate that they resolved the WCAB approval issue, and this Court granted the parties' request to vacate the further settlement/status conference. With his September 26, 2005 order, the district judge assigned this action to this Court for all further proceedings after Printxcel submitted its consent to the conduct of all further proceedings by a United States Magistrate Judge.

The WCAB issued its September 21, 2005 order to approve the settlement's workers' compensation portion based on the parties' joint Compromise and Release. The order awarded DHP no attorney fees.

**Ms. Manriquez' Second Petition For Minors' Compromise Approval**

On October 5, 2005, Mr. Manriquez filed her second petition for minors' compromise approval along with Mr. Herr's declaration. In her petition, Ms. Manriquez summarizes the settlement and attributes a present value of $350,874 to the weekly workers' compensation payments for a present value for the entire settlement of $425,874 ($350,874 plus $75,000). Ms. Manriquez proposes to divide equally the $425,874 settlement value between Jose and Josiah to allocate $212,937 to each.

Based on a 25 percent contingency fee, Ms. Manriquez calculates each minor's attorney fees payable to DHP as $53,234.25 ($212,937 multiplied by 25 percent). Ms. Manriquez proposes to divide

4

equally the $26,437.56 unreimbursed costs between Jose and Josiah to allocate $13,128.78 to each. Ms. Manriquez further proposes to deduct $1,050 from Jose's share for his grief counseling services.

DHP seeks attorney fees and costs reimbursement only from the $75,000 lump sum payment and waives fees of $30,003.03 from Jose's portion and $28,953.03 from Josiah's portion. As such, Ms. Manriquez proposes the following allocation from the $75,000 lump sum settlement:

As to Jose:

$23,231.22 – Attorney fees ($53,234.25 less $30,003.03 waiver)
$13,218.78 – Unreimbursed costs
$ 1,050.00 – Counseling fees
$37,500,00

As to Josiah:

$24,281.22 – Attorney fees ($53,234.25 less $28,953.03 waiver)
$13,218.78 – Unreimbursed costs
$37,500,00.

In her petition, Ms. Manriquez explains that she declined Printxcel's offer of a cash payment, reduced to present value, in favor of workers' compensation death benefits because Jose and Josiah's best interests are served "to get payments through Workers' Compensation rather than receive a lump sum payment then purchase an annuity with an insurance company."

In his declaration, Mr. Herr explains that DHP has devoted 473 hours to pursue Jose and Josiah's "fairly sophisticated" claims in this "not clearly defined . . . confluence of federal and state law." Mr. Herr calculates a $102.67 hourly rate based on the reduced fees which DHP seeks even though his hourly rates range from $150 (public/entity government work) to $225 (specialized civil litigation).[3] Mr. Herr points out that 17 depositions were taken and claims that "but for my firm's involvement in this matter my clients would not be receiving the money proposed."

Mr. Herr notes that the contingency fee agreements permit fee calculation based on present value of payments made over time and that this Court would inappropriately disregard the agreements, "especially where there is no evidence of 'over reaching.'" According to Mr. Herr, DHP "has not received any attorney's fees from the workers compensation benefits" and "has no intention of seeking

---

[3] This Court calculates a $100.45 hourly rate based on $47,512.44 reduced fees divided by 473 hours.

additional fees from the WCAB." Mr. Herr declares: "No further, future claim for fees and costs will be sought. . . . Plaintiffs' attorneys have not taken any money from any workers' compensation payments." (Underling in original.)

Mr. Herr opines that Jose and Josiah "are better off with the monthly payments through workers' compensation" rather than purchasing an annuity with payments to a blocked account. Mr. Herr explains: "The workers' compensation benefits will be safeguarded for the minors as much as the money would be placed in a blocked account; however, the primary purpose of death benefits is to be used for the ongoing monetary needs of the minor dependents consisting of support, maintenance and education."

As he has done previously, defense counsel challenges the results of Mr. Herr's services and declares:

> The original and this second Petition attempt to appropriate substantial attorneys' fees from the workers' compensation benefits which were paid to plaintiffs in spite of and not because of Mr. Herr's professional services. Plaintiffs never applied for workers' compensation benefits. The workers' compensation benefits were paid voluntarily because PRINTXCEL determined that the tragic shooting of Jose Manriquez arose out and in the course of his employment at PRINTXCEL. . . . [T]he only service rendered by Mr. Herr's office in connection with the workers' compensation proceedings was the time and expense spent in connection with obtaining approval of the Compromise and Release from the Workers' Compensation Appeals Board.

Defense counsel claims that "the WCAB has exclusive jurisdiction to determine fee awards on the workers' compensation portion or the settlement." Defense counsel opines:

> I do not believe that it is fair, reasonable or within the jurisdiction of this Court to award attorneys' fees to Dooley, Herr & Peltzer on the workers' portion of the settlement. Mr. Herr could not and did not get anything close to 25% from the WCAB but he now asks this Court for more than double the allowable maximum although plaintiffs never made a claim and plaintiffs disavowed any right to receive any workers' compensation payments.

In his October 24, 2005 declaration, Mr. Herr responded that "[t]his never was a workers' compensation case":

> . . . my law firm was not hired to simply go file a Petition for Workers' Compensation benefits. If that were the situation, I could have easily done so with much less time and effort being expended, and I would have received a percentage of Workers' Compensation benefits far in excess of what my client and I are requesting here.

With the parties' contentions in mind, this Court turns to Ms. Manriquez' proposed distribution of the $75,000 lump sum payment.

6

# DISCUSSION

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

(b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.

. . .

(2) . . . the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 78-230 before the assigned Judge or Magistrate Judge. Such application shall disclose, among other things, the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

. . .

(c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

(e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires *court approval* of the fairness and terms of the settlement." 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2005) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-45 (emphasis in original). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code, § 3601. A leading California practice guide observes:

Courts vary in their fee approval policies. All will consider the time expended

and the complexity of the case. But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]

Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2002) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-12.

Ms. Manriquez's second petition for minors' compromise approval substantially includes the information required by this Court's Local Rule 17-202(b)(2) and (c) to address details of Jose and Josiah's proposed settlement distribution. Ms. Manriquez and DHP have agreed to limit DHP's recovery of attorney fees and costs to the $75,000 lump sum payment and not to seek fees from the workers' compensation benefits although Ms. Manriquez agreed to permit fee calculation based on the present value of payments over time. DHP waives nearly $60,000 in fees based on the $350,874 present value of the workers' compensation payments. DHP seeks an approximate $100 hourly fee for its devotion to this highly contested and charged action. DHP's requested fee is reasonable under these atypical circumstances.

Defense counsel provides no meaningful support that Printxcel pays the workers' compensation benefits "in spite of" DHP's efforts. Mr. Herr notes the Printxcel balked at paying the benefits until his involvement. To settle **this action**, Printxcel and defense counsel agreed to the workers' compensation payments rather than insisting on a structured annuity or larger lump sum payment in place of workers' compensation benefits. The workers' compensation benefits are integral to this action's settlement, and statements to the contrary insult this Court's intelligence. Defense counsel cannot have it both ways by including workers' compensation benefits in settlement of this action subject to this Court's approval and insinuating the need of WCAB approval of distribution of the $75,000 lump sum payment. Defense counsel's declaration only serves to denigrate DHP's services, and in particular Mr. Herr's advocacy.

Although Jose and Josiah forego the $75,000 lump sum payment, Printxcel will continue to pay weekly benefits until Josiah reaches age 18 or both Jose and Josiah die, whichever occurs first. Ms. Manriquez and Mr. Herr explain that Jose and Josiah's best interests are served with weekly workers' compensation benefits to contribute to the expenses of their household which includes single mother Ms.

Manriquez and two other children. A blocked account appears unnecessary based on the immediate need for and benefit of the weekly workers' compensation payments and allocation of the $75,000 lump sum payment to attorney fees and costs.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. GRANTS Ms. Manriquez' second petition for minors' compromise approval and ORDERS payment of $47,512.44 fees and $26,437.56 costs to DHP and $1,050 counseling fees for Jose;

2. VACATES the November 10, 2005 hearing on Ms. Manriquez' second petition for minors' compromise approval; and

3. ORDERS the parties, no later than November 30, 2005, to file papers to dismiss this action in its entirety.

IT IS SO ORDERED.

**Dated:   October 25, 2005**          /s/ Lawrence J. O'Neill
66h44d                                 UNITED STATES MAGISTRATE JUDGE